CAROLINA MARCELLO *vs.* ENRICO MARCELLO.

NOVEMBER 10, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is a petition for divorce from bed, board and future cohabitation until the parties be reconciled, the grounds alleged being willful desertion for three years, extreme cruelty, and neglect and refusal by the respondent, for the period of at least one year next before the filing of the petition, to provide necessaries for the subsistence of the petitioner, he being of sufficient ability to provide them.

The case was heard before a justice of the superior court upon oral testimony and certain facts agreed upon by the parties. The trial resulted in a decision by him denying and dismissing the petition. To this decision the petitioner duly filed an exception and the case is now before us on that exception alone.

The trial justice, after reviewing the evidence, held that if any of the acts of cruelty which were testified to as having been committed by the respondent upon the petitioner actually occurred, they had been condoned by her; and that therefore the alleged ground of extreme cruelty had not been sustained by the evidence. He also found from the evidence that the alleged ground of neglect and refusal by the respondent to provide necessaries for the subsistence of the petitioner was not sustained. We are of the opinion that both of these findings are supported by the evidence.

As to the ground that the respondent had willfully deserted the petitioner for three years, he also found that she was not entitled to a decision thereon. But his reasons for so finding were not very clearly expressed and, as one of the elements that he took into consideration, he spoke of the chance of the parties becoming reconciled. This is a relevant and material consideration in a proceeding for a divorce from the bond of marriage, but we have considerable doubt whether a good chance of reconciliation is of itself any reason for denying a petition for a divorce from bed, board and future cohabitation "until the parties be reconciled."

However, it does not appear to us, from the language of the decision of the trial justice as to the ground of willful desertion, that the chance of reconciliation, as a separate matter, was the decisive element in his finding against the petitioner on that ground. On the contrary, it appears to us that he was only giving it some weight for the bearing that it had on the question whether the respondent had, for any considerable time, been guilty of *willful* desertion, there being evidence by the respondent that he was willing that the petitioner should live with him at the home to which he had removed with part of their children, two boys, when leaving their common home, and that he had even indicated to her his willingness, if she was not satisfied with the home to which he had gone, to provide a satisfactory home for them, if certain differences between them could be adjusted. There was evidence which indicated that efforts for reconciliation had come from him rather than from her. The trial justice also strongly emphasized the fact that they had been living apart for only about two years and a half.

His final conclusion as to the ground of willful desertion was "that the petitioner is not entitled to a decision on that ground." On account of the comparatively short period of the alleged willful desertion, the trial justice was not bound to decide for the petitioner on that ground, if in the exercise of his judicial discretion he deemed the proved period of such desertion not sufficient.

He held that there was no such sufficient period of proved willful desertion in this case and therefore reached the conclusion above stated, that the petitioner was not entitled to a decision on the ground of willful desertion. We are of the opinion that we should not hold that he erred in reaching it upon the evidence in the case.

The petitioner's exception is overruled and the case is remitted to the superior court for further proceedings.

*Littlefield, Otis & Knowles, James B. Littlefield,* for petitioner.

*Sayles Gorham,* for respondent.